[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR MODIFICATION CT Page 5829
The Defendant on March 8, 1989, the time of the dissolution of his marriage, agreed to give to his wife the family home and pay $200.00 per week child support. He was earning $50,000 gross a year working for Center Bank in Waterbury. In 1991 the Defendant earned $53,400.00. Presently he is doing the same kind of work for a Corporation that was incorporated on December 7, 1989 and of which he is a twenty-five percent (25%) owner.
According to an agreement the principal owner of the Company was to be repaid back his loan to the Company in less than two years. If it was not, then the defendant would have to take a reduction in salary in order to help pay the loan sooner. No evidence was presented on how much the loan was or how much was still owed and how much less salary the defendant was receiving.
The Defendant in March of 1992 filed Chapter 7 Bankruptcy and in his Application he indicated he was earning $2,360.00 per week. The Defendant upon notice of this item claimed it was an error. However, in the same petition he indicated that his income for 1990 and 1991 was $48,000.00. His W-2 showed that his income was higher.
In reviewing the evidence presented by the Defendant the Court concludes that it is not credible. And even though it may be the only evidence on his income and wages, the Court is not required to base a decision for modification on less than credible evidence.
Motion is denied.
WILLIAM J. McGRATH, JUDGE